899 F.2d 1268
 283 U.S.App.D.C. 283
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Alan STRANG, Appellant,
v.
Joseph E. DeSIO, Acting General Counsel, National Labor
Relations Board.
 No. 89-7108.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1990.
 
 Before RUTH BADER GINSBURG and SENTELLE, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c). For the reasons stated in the district court's March 31, 1989 Memorandum Opinion, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Plaintiff-appellant Alan Strang contests a summary judgment entered for defendant-appellee General Counsel of the National Labor Relations Board (NLRB or Board) in Strang's suit under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552. Strang's FOIA request sought all documents "relating to the General Counsel's position with regard to the Supreme Court's request that the Solicitor General state the views of the United States concerning the petition for certiorari in CWA v. Beck, Case No. 86-637." The district judge concluded that the Vaughn index filed in court by the NLRB adequately demonstrated that FOIA Exemption 5, 5 U.S.C. Sec. 552(b)(5), which encompasses both the deliberative process privilege and work product, sheltered all the materials at issue.
 
 
 5
 We find the district court's disposition correct. The litigation advice-amicus brief preparation information Strang sought fits squarely within Exemption 5, as the district judge explained. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 151-54 (1975); Dudman Communications Corp. v. Department of the Air Force, 815 F.2d 1565, 1569 (D.C.Cir.1987); Cities Service Co. v. FTC, 627 F.Supp. 827, 832 (D.D.C.1984); Exxon Corp. v. Department of Energy, 585 F.Supp. 690, 698 (D.D.C.1983).
 
 
 6
 Strang's arguments on appeal are unavailing in view of the clearly exempt character of the information he seeks. First, he urges that General Counsel provided only a "statement of the case," not, as D.D.C.Rule 108(h) requires, "a statement of material facts as to which the moving party contends there is no genuine issue." General Counsel's statement described the categories of documents responsive to Strang's FOIA request, and for each category, named the claimed exemptions. The statement thereafter referred to the Vaughn index, as amended, prepared and filed with the district court by General Counsel. Given the nature of Strang's request, General Counsel's 108(h) statement adequately served to set out the chronology of the litigation, composed of material facts not genuinely contestable, and to identify "the pertinent parts of the record." See Gardels v. CIA, 637 F.2d 770, 773 (D.C.Cir.1980).
 
 
 7
 Strang further assails, as imprecise and ambiguous, the affidavit submitted in support of summary judgment by Deputy Associate General Counsel Norton J. Come. Come's affidavit stated, inter alia:
 
 
 8
 All the attorneys of the General Counsel's staff, below the level of Associate General Counsel, who assisted and worked on the memoranda and briefs in the CWA v. Beck case were at all times on my staff and under my supervision.
 
 
 9
 Strang observes that the Vaughn index listed two intra-office documents handwritten by the Associate General Counsel for the Division of Advice, an officer not on Come's staff or under his supervision. But Come's affidavit does not mislead the reader in this regard, for it specified precisely and only "attorneys ... below the level of Associate General Counsel." Nor do we find any lack of the requisite "personal knowledge": Come swore that he was responsible for the preparation of amicus briefs filed by the Board with the United States Supreme Court; that he was familiar with the procedures by which the NLRB decides to file an amicus brief and by which the amicus brief is prepared; and that he had examined the Vaughn indices, and read the documents described there. Again taking account of the nature of the FOIA request at issue, we are satisfied that Come possessed the relevant knowledge and was a competent affiant.
 
 
 10
 Strang additionally charges that the General Counsel improperly confused discrete functions by participating in Beck in an "adjudicatory" capacity, and in Strang's own unfair labor practice case in a "prosecutorial" capacity. Full discovery, Strang asserts, is needed to clarify and develop this claim. We noted at oral argument that Strang had mistyped as an "adjudicatory" function General Counsel's advisory and advocacy role in litigation, here manifested by Counsel's supervision of an amicus brief on behalf of the Board. Dispositive of Strang's separation of functions objection, in any event, the National Labor Relations Act, 29 U.S.C. Secs. 153(d), 154, expressly authorizes the General Counsel to act as the NLRB's counsel in litigation and as the agency's prosecutor.
 
 
 11
 While the district court's summary judgment dismissing Strang's FOIA complaint merits our prompt approbation, we recognize that the impetus for the FOIA request was an unfair labor practice charge filed in October 1985, and not yet acted upon by General Counsel. At oral argument, we note, counsel for the NLRB represented that the recently-appointed General Counsel, mindful of the length of time the unfair labor practice charge has remained pending, would act upon that matter soon.